UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GENERAL GRANT FOREMAN, III   ) | |
| )  | |
| Plaintiff,   ) | |
| )  | |
| v.   ) | No. 3:24-CV-374-TAV-DCP |
| )  | |
| BLOUNT COUNTY SHERIFF OFFICE, et al.,   ) | |
| )  | |
| Defendants.   ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application")[1] [Doc. 2]. The Court **RECOMMENDS** that the District Judge **DENY** Plaintiff's Application [**Doc. 2**].

By way of background, on September 20, 2024, the Court entered an Order directing Plaintiff to pay the full filing fee or submit the necessary documents in support of his motion, specifically a certified copy of his inmate trust account for the previous six-month period, and directed him to do so within thirty (30) days from the date of entry of the Order [Doc. 7]. A prisoner seeking to proceed in forma pauperis must file an (1) an application to proceed in forma pauperis without payment and (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). The Court informed Plaintiff that if he failed to fully and timely comply with the Order, the Court would presume that Plaintiff

---

[1] The docket text refers to the Application as "Motion for Leave to Proceed in forma pauperis" [Doc. 2 Text].

is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution should he not pay the fees [Doc. 7]. Plaintiff has not complied with the Court's Order.

Accordingly, the Court **RECOMMENDS** that the District Judge **DENY** Plaintiff's Application [**Doc. 2**].[2] The Court further **RECOMMENDS** that Plaintiff be afforded twenty-one (21) days to pay the filing fee, *see Smith v. Washington*, No. 2:18-CV-10736, 2018 WL 4030809, at *2 (E.D. Mich. Aug. 23, 2018) (explaining that when a prisoner prepays the filing fee, the Court is required to screen the complaint pursuant to 42 U.S.C. § 1915A), and advised that the failure to do so will result in a dismissal of his case without prejudice. *See Young v. Cameron*, No. 3:20-CV-680, 2020 WL 13093863, at *2 (W.D. Ky. Oct. 13, 2020) (directing the plaintiff to pay the filing fee or file a fully completed in forma pauperis form and warning that failure to do so would result in dismissal of the action without prejudice); *Washington v. Berryhill*, No. 18-2385, 2018 WL 11260461, at *1 (W.D. Tenn. June 5, 2018) ("If the plaintiff fails to file a properly completed *in forma pauperis* application or pay the filing fee within thirty days, his complaint may be dismissed without prejudice.").

> Respectfully submitted,
>
> *Debra C. Poplin*
> Debra C. Poplin
> United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).